**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 0:18-cv-62119-WPD

MARK EDELSBERG, individually and on behalf of
all others similarly situated,

       Plaintiff,

v.

THE BREA FINANCIAL GROUP, LLC D/B/A
PUB CLUB LEADS, a California Limited Liability
Company,

       Defendant.

_____/

**DEFENDANT THE BREA FINANCIAL GROUP, LLC D/B/A PUB CLUB LEADS'**
**ANSWER AND AFFIRMATIVE DEFENSES TO**
**PLAINTIFF'S COMPLAINT [D.E. 1]**

      Defendant, The Brea Financial Group, LLC d/b/a Pub Club Leads ("Pub Club" or

"Defendant"), by and through the undersigned attorneys, hereby responds to the Complaint dated

September 7, 2018, [D.E. 1] filed by Plaintiff Mark Edelsberg ("Plaintiff"), as follows:

      1.     Defendant admits Plaintiff seeks to assert a claim against it pursuant to the

Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), and admits Plaintiff

purports to bring this action as a putative class action. However, Defendant denies any actionable

conduct, denies violating any law, including the TCPA, and denies the remaining allegations in

paragraph 1 of the Complaint.

**NATURE OF ACTION**

      2.     Defendant admits Plaintiff seeks to assert a claim against it pursuant to the TCPA,

and admits Plaintiff purports to bring this action as a putative class action. However, Defendant

denies any actionable conduct, denies violating any law, including the TCPA, and denies that

this action may be properly maintained as a class action.

3.      Defendant admits that it is a company that sells leads to facilitate business to its clients, but denies the remaining allegations in paragraph 3 of the Complaint.

4.      Defendant admits Plaintiff purports to assert claims against it on behalf of a putative class, seeks injunctive relief, and other legal or equitable remedies, but denies that such relief is available and denies the remaining allegations and legal conclusions contained in paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5.      Defendant admits that this Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as Plaintiff seeks to assert a claim based on a federal statute. Furthermore, Defendant admits Plaintiff purports to assert claims against it on behalf of a putative class for purported violations of the TCPA, but denies violating the TCPA, denies that this action may be properly maintained as a class action, denies that such relief is available, and denies the remaining allegations and legal conclusions contained in paragraph 5 of the Complaint.

6.      Defendant neither admits nor denies the legal conclusions contained in paragraph 6 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Defendant denies the legal conclusions contained in paragraph 6 of the Complaint, denies that it resides in this District, denies engaging in tortious conduct, and denies the remaining allegations and legal conclusions contained in paragraph 6 of the Complaint.

## PARTIES

7.      As to the allegations in paragraph 7 of the Complaint regarding Plaintiff's residence, Defendant is without knowledge or information sufficient to form a belief as to these allegations, and therefore denies the allegations.

8.      Defendant admits that it is a California limited liability company with its office located in Orange County, California, but denies the remaining allegations in paragraph 8 of the Complaint.

## THE TELEPHONE CONSUMER PROTECTION ACT

9.      Defendant neither admits nor denies the legal conclusions contained in paragraph 9 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Defendant denies the legal conclusions contained in paragraph 9 of the Complaint, but admits Plaintiff seeks to cite to the TCPA.

10.     Defendant neither admits nor denies the legal conclusions contained in paragraph 10 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Defendant denies the legal conclusions contained in paragraph 10 of the Complaint, but admits Plaintiff seeks to cite to the TCPA. Furthermore, and to the extent a response is required, Defendant states the authority cited in paragraph 10 of the Complaint speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterized, or takes out of context the authority cited therein, Defendant further denies paragraph 10 of the Complaint.

11.     Defendant neither admits nor denies the legal conclusions contained in paragraph 11 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Defendant denies the legal conclusions contained in

paragraph 11 of the Complaint. Furthermore, and to the extent a response is required, Defendant states the authority cited in paragraph 11 of the Complaint speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterized, or takes out of context the authority cited therein, Defendant further denies paragraph 11 of the Complaint.

12.     Defendant neither admits nor denies the legal conclusions contained in paragraph 12 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Defendant denies the legal conclusions contained in paragraph 12 of the Complaint. Furthermore, and to the extent a response is required, Defendant states the authority cited in paragraph 12 of the Complaint speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterized, or takes out of context the authority cited therein, Defendant further denies paragraph 12 of the Complaint.

13.     Defendant neither admits nor denies the legal conclusions contained in paragraph 13 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Defendant denies the legal conclusions contained in paragraph 13 of the Complaint. Furthermore, and to the extent a response is required, Defendant states the authority cited in paragraph 13 of the Complaint speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterized, or takes out of context the authority cited therein, Defendant further denies paragraph 13 of the Complaint.

14.     Defendant neither admits nor denies the legal conclusions contained in paragraph 14 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Defendant denies the legal conclusions contained in paragraph 14 of the Complaint. Furthermore, and to the extent a response is required, Defendant states the authority cited in paragraph 14 of the Complaint speaks for itself, and to the extent

Plaintiff misquotes, misstates, mischaracterized, or takes out of context the authority cited therein, Defendant further denies paragraph 14 of the Complaint.

15.      Defendant neither admits nor denies the legal conclusions contained in paragraph 15 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Defendant denies the legal conclusions contained in paragraph 15 of the Complaint. Furthermore, and to the extent a response is required, Defendant states the authority cited in paragraph 15 of the Complaint speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterized, or takes out of context the authority cited therein, Defendant further denies paragraph 15 of the Complaint.

16.      Defendant neither admits nor denies the legal conclusions contained in paragraph 16 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Defendant denies the legal conclusions contained in paragraph 16 of the Complaint. Furthermore, and to the extent a response is required, Defendant states the authority cited in paragraph 16 of the Complaint speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterized, or takes out of context the authority cited therein, Defendant further denies paragraph 16 of the Complaint.

17.      Defendant neither admits nor denies the legal conclusions contained in paragraph 17 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Defendant denies the legal conclusions contained in paragraph 17 of the Complaint. Furthermore, and to the extent a response is required, Defendant states the authority cited in paragraph 17 of the Complaint speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterized, or takes out of context the authority cited therein, Defendant further denies paragraph 17 of the Complaint.

*Defendant Pub Club's Answer and Affirmative Defenses*
Case No.: 0:18-cv-62119-WPD

18.     Defendant neither admits nor denies the legal conclusions contained in paragraph 18 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Defendant denies the legal conclusions contained in paragraph 18 of the Complaint. Furthermore, and to the extent a response is required, Defendant states the authority cited in paragraph 18 of the Complaint speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterized, or takes out of context the authority cited therein, Defendant further denies paragraph 18 of the Complaint.

19.     Defendant neither admits nor denies the legal conclusions contained in paragraph 19 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Defendant denies the legal conclusions contained in paragraph 19 of the Complaint. Furthermore, and to the extent a response is required, Defendant states the authority cited in paragraph 19 of the Complaint speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterized, or takes out of context the authority cited therein, Defendant further denies paragraph 19 of the Complaint.

20.     Defendant neither admits nor denies the legal conclusions contained in paragraph 20 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Defendant denies the legal conclusions contained in paragraph 20 of the Complaint. Furthermore, and to the extent a response is required, Defendant states the authority cited in paragraph 20 of the Complaint speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterized, or takes out of context the authority cited therein, Defendant further denies paragraph 20 of the Complaint.

21.     Defendant neither admits nor denies the legal conclusions contained in paragraph 21 of the Complaint as the legal conclusions are not allegations capable of admission or denial.

36485166.1

To the extent a response is required, Defendant denies the legal conclusions contained in paragraph 21 of the Complaint. Furthermore, and to the extent a response is required, Defendant states the authority cited in paragraph 21 of the Complaint speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterized, or takes out of context the authority cited therein, Defendant further denies paragraph 21 of the Complaint.

22.     Defendant neither admits nor denies the legal conclusions contained in paragraph 22 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Defendant denies the legal conclusions contained in paragraph 22 of the Complaint. Furthermore, and to the extent a response is required, Defendant states the authority cited in paragraph 22 of the Complaint speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterized, or takes out of context the authority cited therein, Defendant further denies paragraph 22 of the Complaint.

## **FACTS**

23.     Defendant denies the allegations contained in paragraph 23 of the Complaint.

24.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and, therefore, denies the allegations.

25.     Defendant neither admits nor denies the legal conclusions contained in paragraph 25 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Defendant denies the legal conclusions contained in paragraph 25 of the Complaint.

26.     Defendant neither admits nor denies the legal conclusions contained in paragraph 26 of the Complaint as the legal conclusions are not allegations capable of admission or denial.

To the extent a response is required, Defendant denies the legal conclusions contained in paragraph 26 of the Complaint, and the text message Plaintiff alleges speaks for itself.

27.     Defendant is without knowledge as to where Plaintiff received the alleged text message and neither admits nor denies the legal conclusions contained in paragraph 27 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Defendant denies the legal conclusions contained in paragraph 27 of the Complaint. Defendant denies the remaining allegations in paragraph 27 of the Complaint.

28.     Defendant denies the allegations contained in paragraph 28 of the Complaint.

29.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint and, therefore, denies the allegations.

30.     Defendant neither admits nor denies the legal conclusions contained in paragraph 30 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Defendant denies the legal conclusions contained in paragraph 30 of the Complaint. Furthermore, and to the extent a response is required, Defendant states the authority cited in paragraph 30 of the Complaint speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterized, or takes out of context the authority cited therein, Defendant further denies paragraph 30 of the Complaint.

31.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint and, therefore, denies the allegations.

32.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and, therefore, denies the

allegations.

33.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint and, therefore, denies the allegations.

34.    Defendant neither admits nor denies the legal conclusions contained in paragraph 34 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Defendant denies the legal conclusions contained in paragraph 34 of the Complaint. Defendant denies the remaining allegations in paragraph 34 of the Complaint.

35.    Defendant denies the allegations contained in paragraph 35 of the Complaint.

## CLASS ALLEGATIONS

### Proposed Class

36.    Defendant admits Plaintiff purports to bring this action as a class action, but denies this action may be properly maintained as a class action. Defendant denies the remaining allegations contained in paragraph 36 of the Complaint.

37.    Defendant admits Plaintiff purports to bring this action as a class action and Plaintiff purports to define a proposed class. Defendant denies this action may be properly maintained as a class action and also denies the proposed class definition is proper or sufficient.

38.    Defendant admits Plaintiff purports to bring this action as a class action, but denies this action may be properly maintained as a class action. Furthermore, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint and, therefore, denies the allegations.

**Numerosity**

39.     Defendant denies the allegations contained in paragraph 39 of the Complaint.

40.     Defendant admits Plaintiff seeks to bring this action as a putative class action but denies a class action is appropriate. Defendant denies committing any wrongs and denies that the identity of the putative class is ascertainable from records within Defendant's custody or control. Furthermore, Defendant neither admits nor denies the legal conclusions contained in paragraph 40 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Defendant denies the legal conclusions contained in paragraph 40 of the Complaint.

**Common Questions of Law and Fact**

41.     Defendant admits Plaintiff purports to bring this action as a class action and Plaintiff purports to define a proposed class. Defendant denies this action may be properly maintained as a class action and also denies the proposed class definition is proper or sufficient. Defendant denies the remaining allegations contained in paragraph 41 of the Complaint and all subparts thereto.

    1)  Defendant admits Plaintiff purports to bring this action as a class action and Plaintiff purports to define a proposed class. Defendant denies this action may be properly maintained as a class action and also denies the proposed class definition is proper or sufficient. Defendant denies the remaining allegations contained in paragraph 41(1) of the Complaint.

    2)  Defendant admits Plaintiff purports to bring this action as a class action and Plaintiff purports to define a proposed class. Defendant denies this action may be properly maintained as a class action and also denies the

proposed class definition is proper or sufficient. Defendant denies the remaining allegations contained in paragraph 41(2) of the Complaint.

3) Defendant admits Plaintiff purports to bring this action as a class action and Plaintiff purports to define a proposed class. Defendant denies this action may be properly maintained as a class action and also denies the proposed class definition is proper or sufficient. Defendant denies the remaining allegations contained in paragraph 41(3) of the Complaint as the particularly alleged burden will not need to be met.

4) Defendant admits Plaintiff purports to bring this action as a class action and Plaintiff purports to define a proposed class. Defendant denies this action may be properly maintained as a class action and also denies the proposed class definition is proper or sufficient. Defendant denies the remaining allegations contained in paragraph 41(4) of the Complaint.

5) Defendant admits Plaintiff purports to bring this action as a class action and Plaintiff purports to define a proposed class. Defendant denies this action may be properly maintained as a class action and also denies the proposed class definition is proper or sufficient. Defendant denies the remaining allegations contained in paragraph 41(5) of the Complaint.

42.    Defendant admits Plaintiff purports to bring this action as a class action. Defendant denies this action may be properly maintained as a class action. Defendant neither admits nor denies the legal conclusions contained in paragraph 42 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Defendant denies the legal conclusions contained in paragraph 42 of the Complaint.

Defendant denies the remaining allegations in paragraph 42 of the Complaint.

### Typicality

43.     Defendant admits Plaintiff purports to bring this action as a class action. Defendant denies this action may be properly maintained as a class action. Defendant neither admits nor denies the legal conclusions contained in paragraph 43 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Defendant denies the legal conclusions contained in paragraph 43 of the Complaint. Defendant denies the remaining allegations in paragraph 43 of the Complaint.

### Protecting the Interest of the Class Members

44.     Defendant admits Plaintiff seeks to represent a class, but denies that a class action is appropriate and is, at this time, without full knowledge of Plaintiff's ability to serve as a class representative. Defendant denies the remaining allegations contained in paragraph 44 of the Complaint.

### Proceeding Via Class Action is Superior and Advisable

45.     Defendant admits Plaintiff purports to bring this action as a class action but denies this action may be properly maintained as a class action. Defendant denies the remaining allegations contained in paragraph 45 of the Complaint.

46.     Defendant admits Plaintiff purports to bring this action as a class action but denies this action may be properly maintained as a class action. Defendant denies the remaining allegations contained in paragraph 46 of the Complaint.

**COUNT I**
**Violations of the TCPA, 47 U.S.C. § 227(b)**
**(On Behalf of Plaintiff and the Class)**

47.     Defendant incorporates its responses to paragraphs 1 through 46 of the Complaint

as if fully set forth herein.

48.     Defendant neither admits nor denies the legal conclusions contained in paragraph 48 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Defendant denies the legal conclusions contained in paragraph 48 of the Complaint.

49.     Defendant neither admits nor denies the legal conclusions contained in paragraph 49 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Defendant denies the legal conclusions contained in paragraph 49 of the Complaint.

50.     Defendant denies the allegations contained in paragraph 50 of the Complaint.

51.     Defendant denies the allegations contained in paragraph 51 of the Complaint.

52.     Defendant denies the allegations contained in paragraph 52 of the Complaint.

53.     Defendant denies the allegations contained in paragraph 53 of the Complaint.

54.     Defendant denies the allegations contained in paragraph 54 of the Complaint.

**COUNT II**
**Knowing and/or Willful Violation of the TCPA, 47 U.S.C. § 227(b)**
**(On Behalf of Plaintiff and the Class)**

55.     Defendant incorporates its responses to paragraphs 1 through 46 of the Complaint as if fully set forth herein.

56.     Defendant denies the allegations contained in paragraph 56 of the Complaint.

57.     Defendant denies the allegations contained in paragraph 57 of the Complaint.

58.     Defendant denies the allegations contained in paragraph 58 of the Complaint.

59.     Defendant denies the allegations contained in paragraph 59 of the Complaint.

## PRAYER FOR RELIEF

In response to the WHEREFORE clause following paragraph 59 of the Complaint, including subsections (a) through (f), Defendant admits that Plaintiff seeks such relief but denies that Plaintiff is entitled to it.

As to any part of the Complaint not specifically admitted, denied, or discussed with respect to Defendant, Defendant hereby denies said allegations, including, but not limited to, any allegations contained in the Complaint's preamble, headings, subheadings, and wherefore clause. Furthermore, any averments in the Complaint to which no responsive pleadings are capable or required shall be deemed denied.

## <u>JURY DEMAND</u>

Defendant neither admits nor denies the legal conclusions contained in the unnumbered clause below the section titled "Jury Demand," as the legal conclusions are not allegations capable of admission or denial.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

36485166.1

*Defendant Pub Club's Answer and Affirmative Defenses*
Case No.: 0:18-cv-62119-WPD

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Defendant pleads the following defenses to Plaintiff's Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff and/or the putative class Plaintiff seeks to represent expressly consented to, ratified, and/or acquiesced in receiving the alleged text message that is the subject of this lawsuit.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to state and cannot state a plausible cause of action for class relief pursuant to Federal Rule of Civil Procedure 23.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff fails to state and cannot state a plausible cause of action for class relief pursuant to Federal Rule of Civil Procedure 23 in that, among other things, the claims Plaintiff seeks to assert cannot be common or typical of the claims of the putative class, nor is class relief superior to other available methods for fairly and efficiently adjudicating the claims Plaintiff attempts to assert.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff and/or the putative class Plaintiff seeks to represent lack standing to bring this action because neither Plaintiff nor the putative class members suffered the requisite harm required to confer standing under Article III of the United States Constitution. In addition, Plaintiff, upon information and belief, does not own the account for the phone number allegedly called.

36485166.1

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent are barred, in whole or in part, by the doctrine of unclean hands. Plaintiff is pursuing this litigation as a class action, not to seek compensation for damages allegedly suffered, as contemplated by statute, but to seek to enrich himself by seeking disproportionate payments from Defendant.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff fails to sufficiently allege that a class action is proper or appropriate, and therefore Plaintiff is not entitled to maintain this lawsuit as a collective action. Among other things, Plaintiff fails to allege, because he cannot allege, any facts to suggest there are any other members of the proposed classes. Instead, Plaintiff merely hypothesizes there may be others. Similarly, Plaintiff has not alleged, because he cannot allege, any facts to plausibly support the claim that there are common issues of fact and law, that Plaintiff's claims are typical of the proposed classes, or that Plaintiff will fairly and adequately protect the interests of the proposed classes. Rather, Plaintiff's Complaint merely parrots the language of Rule 23 of the Federal Rules of Civil Procedure without any factual insight. Accordingly, Plaintiff cannot satisfy the numerosity, commonality, typicality, and adequate representative requirements for this case to proceed as a class action.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent are barred or limited because the alleged damages to Plaintiff and/or the putative class Plaintiff seeks to represent were caused in whole or in part by the acts or omissions of third parties over which Defendant had and has no control of/over, and/or by the acts or omissions of Plaintiff and/or the putative class members.

36485166.1

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent are limited to the extent any text message that is alleged to have violated the TCPA is exempt from liability under the TCPA and/or the rules and regulations proscribed by the Federal Communications Commission.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff and/or the putative class Plaintiff seeks to represent cannot state a claim against Defendant upon which relief can be granted because Defendant did not and does not make text messages using an ATDS as Plaintiff seeks to allege in the Complaint.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff and/or the putative class Plaintiff seeks to represent cannot state a claim against Defendant upon which relief can be granted because Defendant did not and does not make text messages using an artificial and/or prerecorded voice as Plaintiff seeks to allege in the Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent are barred because the alleged text message that is the subject of this lawsuit complied with the requirements set forth in 47 C.F.R. § 64.1200.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail because the alleged text message that is the subject of this lawsuit was not made by equipment with capacity to generate random telephone numbers to be dialed and therefore, the equipment cannot be considered an ATDS. *See e.g.*, *Gonzalez v. Ocwen Loan Servicing, LLC*, 5:18-CV-

*Defendant Pub Club's Answer and Affirmative Defenses*
Case No.: 0:18-cv-62119-WPD

340-OC-30PRL, 2018 WL 4217065, at *8 (M.D. Fla. Sept. 5, 2018).

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are moot as he did not sustain any damages. Any alleged statutory and/or other damages that Plaintiff allegedly suffered were fully cured prior to the institution of this lawsuit.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff did not sustain any damages. To the extent Plaintiff sustained any damages, such damages are de minimis and non-actionable, and any such damages are not representative and/or the same as the putative class members Plaintiff seeks to represent.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent are barred or limited by the doctrine of estoppel.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent are barred or limited by the doctrine of waiver.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Complaint and each and every purported cause of action contained therein that Plaintiff seeks to allege are barred because any wrongdoing by Defendant, which Defendant denies, was caused by mistake.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent are barred because Plaintiff and/or the putative class failed to mitigate their damages.

36485166.1

*Defendant Pub Club's Answer and Affirmative Defenses*
Case No.: 0:18-cv-62119-WPD

### NINETEENTH AFFIRMATIVE DEFENSE

Defendant acted reasonably and in good faith at all material times based on all relevant facts and circumstances known by it at the time it acted.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail, in whole or in part, because Plaintiff and/or the putative class failed to join all necessary and/or indispensable parties to this suit, as required by Rule 19 of the Federal Rules of Civil Procedure.

### TWENTY FIRST AFFIRMATIVE DEFENSE

Plaintiff and/or the putative class Plaintiff seeks to represent fail to state a claim upon which relief can be granted because Plaintiff failed to satisfy and failed to allege satisfaction of all conditions precedent to bringing this lawsuit.

### TWENTY SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent are barred because the TCPA does not apply to and/or govern the alleged text message that is the subject of this lawsuit.

### TWENTY THIRD AFFIRMATIVE DEFENSE

Defendant did not knowingly or willfully make the alleged text message that is the subject of this lawsuit in violation of the TCPA.

### TWENTY FOURTH AFFIRMATIVE DEFENSE

Defendant did not negligently make the alleged text message that is the subject of this lawsuit in violation of the TCPA.

36485166.1

## TWENTY FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for injunctive relief, and/or the claims for injunctive relief of the punitive class that Plaintiff seeks to represent, are barred, in whole or in part, because there is neither continuing harm nor any real and immediate danger of injury in the future to Plaintiff or the punitive class Plaintiff seeks to represent.

## TWENTY SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail, in whole or in part, because any purported damages and/or injury alleged to have been suffered by Plaintiff and/or the putative class Plaintiff seeks to represent were self-induced and/or created by Plaintiff and/or the putative class Plaintiff seeks to represent.

## <u>RESERVATION OF RIGHTS</u>

Defendant, The Brea Financial Group, LLC d/b/a Pub Club Leads, reserves the right to amend or add to its affirmative defenses upon discovery of additional information or evidence or as justice so requires.

**WHEREFORE**, having fully answered or otherwise responded to the allegations contained in Plaintiff Mark Edelsberg's Complaint, Defendant, The Brea Financial Group, LLC d/b/a Pub Club Leads, this Court should enter judgment as follows: (1) that Plaintiff takes nothing by virtue of the Complaint and that this Action be dismissed in its entirety; (2) that judgment be rendered in favor of Pub Club; (3) that attorneys' fees and costs incurred in this Action be awarded to Pub Club; and (4) that Pub Club be awarded such further and other relief as the Court deems just and proper.

*Defendant Pub Club's Answer and Affirmative Defenses*
Case No.: 0:18-cv-62119-WPD

Dated: October **2nd**, 2018.          Respectfully submitted,

By: ___*/s/ Beth-Ann Krimsky*___
               BETH-ANN E. KRIMSKY
               Fla. Bar No. 968412
               Email: beth-ann.krimsky@gmlaw.com
               Email: clemencia.corzo@gmlaw.com
               JAMEY R. CAMPELLONE
               Fla. Bar No. 119861
               Email: jamey.campellone@gmlaw.com
               Email: leslieann.marin@gmlaw.com
               **GREENSPOON MARDER LLP**
               200 East Broward Blvd., Suite 1800
               Fort Lauderdale, Florida 33301
               Tel: (954) 527-6296
               Fax: (954) 333-4027
               *Attorneys for Defendant The Brea Financial*
               *Group, LLC d/b/a Pub Club Leads*

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on the **2nd** day of October, 2018, I electronically filed the foregoing <u>Answer and Affirmative Defenses</u> with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

By: ___*/s/ Beth-Ann Krimsky*___
               BETH-ANN E. KRIMSKY
               Fla. Bar No. 968412
               JAMEY R. CAMPELLONE
               Fla. Bar No. 119861

36485166.1