UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-CV-62119-DIMITROULEAS/SNOW

MARK EDELSBERG, individually and on behalf of
all others similarly situated,

        Plaintiff,

vs.

THE BREA FINANCIAL GROUP, LLC D/B/A
PUB CLUB LEADS, a California Limited Liability
Company,

        Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR LACK OF SUBJECT-MATTER JURISDICTION

THIS CAUSE is before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint for Lack of Subject Matter Jurisdiction (the "Motion") [DE 23], filed herein on December 4, 2018.  The Court has carefully considered the Motion, the Response [DE 30], and the Reply [DE 34].  The Court is otherwise fully advised in the premises.  For the reasons set forth below, the Defendant's motion is DENIED.

    **I.**    **BACKGROUND**

Plaintiff alleges Defendant sends telemarketing messages in violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 *et seq*.  With exceptions, the TCPA prohibits the use of automated equipment or prerecorded messages to make telephone calls to certain types of numbers.  Plaintiff alleges Defendant violated the statute by texting him a telemarketing message on or about July 10, 2018.  Plaintiff brings this action for damages and injunctive relief on behalf of himself and a putative class.

In the Motion, Defendant argues the Court lacks subject matter jurisdiction because this action is moot.  On July 16, 2018, prior to filing his complaint, Plaintiff sent Defendant a letter advising it of Plaintiff's alleged grievances and potential interest in litigation, including a class action.  Defendant responded by sending Plaintiff a cashier's check totaling $3,000 payable to Plaintiff and a letter in which Defendant denied the text message at issue violated the TCPA but agreed "not to make any communications to [Plaintiff] in violation of the TCPA, or any applicable law in effect that would similarly prohibit such communications."  [DE 23-3].  Defendant also said the $3,000 payment was offered "with no admission of liability under the TCPA or otherwise."  *Id.*  Plaintiff rejected the check and terms of the accompanying letter (the "Offer").

Defendant asserts the Offer mooted Plaintiff's entire action by pledging not to send future messages violating the TCPA and by agreeing to compensate Plaintiff for more than what he could receive as damages under the statute.  Defendant also argues, in the alternative, that even if Plaintiff's claims are not technically moot, the Court should treat them as such under the doctrine of prudential mootness.

Plaintiff argues the Offer constituted a pick-off effort—an attempt by Defendant to prevent a class action by addressing solely the putative class representative's alleged injuries.  Defendant's Offer did not moot the case, Plaintiff submits, because Defendant did not provide damages or injunctive relief for putative class members, offer Plaintiff an incentive award for serving as class representative, consent to class certification, agree to cease violating the TCPA with respect to all consumers, and consent to an entry of judgment for Plaintiff.

II.   **STANDARD OF REVIEW**

"Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction can be asserted on either facial or factual grounds."  *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d

1271, 1279 (11th Cir. 2009).  Facial challenges are based on the complaint's allegations.  *Id.*  Courts reviewing facial challenges "take the complaint's allegations as true."  *Id.*  Factual challenges, on the other hand, may also rely on extrinsic evidence.  *Id.*  Courts considering them are "not constrained to view [the facts] in the light most favorable to [the plaintiff]."  *Id.*

Defendant correctly asserts that its challenge is factual.  *See* the Motion at 3–4.  Defendant bases its challenge on the Offer, which Plaintiff never mentions in his complaint.  While Plaintiff discusses the distinction between the two challenge types, Plaintiff does not argue the challenge is facial and offers the Court no reason, let alone a compelling one, to conclude it would be.  *See* [D.E. 30 at 4].

### III.     DISCUSSION

Under Article III of the Constitution, the federal courts' jurisdiction extends to only ongoing "cases" and "controversies."  *See Campbell-Ewald Co. v. Gomez*, 136 S.Ct. 663, 669 (2016).  Thus, "[i]f an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot."  *Id.* (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66 (2013)).

In *Campbell-Ewald*, the Supreme Court addressed the following question: "Is an unaccepted offer to satisfy the named plaintiff's individual claim sufficient to render a case moot when the complaint seeks relief on behalf of the plaintiff and a class of persons similarly situated?" *Id.* at 666.  Like Defendant here, the *Campbell* defendant offered relief for the putative class representative only and "did not admit liability."  *Id.* at 670.  The Court concluded that principles of contract law governed whether a settlement offer binds the offeror and offeree and held defendant's offer bound neither party after plaintiff had rejected it.  *Id.* at 670.

Defendant argues that *Campbell-Ewald* does not govern this matter because of a factual difference between Defendant's offer and that of the *Campbell* defendant—while Defendant made his offer before the Complaint was filed, the *Campbell* defendant made his afterwards, pursuant to Rule 68. *See* Motion at 7–8; [D.E. 34 at 5–6]. While Defendant says this distinction matters, it never explains why that would be so. The Court finds *Laurens v. Volvo Cars of North America, LLC*, 868 F.3d 622 (7th Cir. 2017) highly persuasive and concludes this distinction has no significance here. In *Laurens*, the Seventh Circuit wrote:

> The only salient differences between this case and *Campbell-Ewald* are that [defendant] made its offer before [plaintiff] sued, and that it communicated its offer through a generic letter instead of Rule 68's more formal process. Neither distinction matters . . . If forcing a contract on an unwilling party is unacceptable under the judicially supervised procedures of Rule 68 and Rule 67, we see no reason why an impersonal note . . . should have such a powerful effect. Nor does it matter that [defendant's] offer preceded [plaintiff's] lawsuit. Campbell-Ewald's core lesson is that unaccepted contract offers are nullities; settlement proposals are contract offers; and therefore unaccepted settlement proposals are nullities. Nothing about that logic turns on whether a suit has been filed.

*Id.* at 627.

Defendant also argues that its pre-suit offer would have brought even more finality to the Plaintiff's claims that the type of post-suit payment upon which the Supreme Court expressly reserved judgment—one where "the defendant deposits the full amount of the plaintiff's claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount." *See* [D.E. 34 at 6]; *Campbell-Ewald*, 136 S.Ct. at 672. The Court disagrees. As the Seventh Circuit rightly concluded, *Campbell-Ewald* squarely applies to rejected, pre-suit settlement proposals like Defendant's offer. Moreover, even if the Supreme Court abstained at the time from addressing whether a narrow series of events would moot a claim, those events have not occurred here. Defendant has not deposited an amount corresponding to Plaintiff's alleged injury

4

in an account payable to Plaintiff and the Court has entered no judgment for Plaintiff.  In short, the Court retains subject matter jurisdiction under Article III of the U.S. Constitution, as Defendant's rejected, pre-suit offer to settle Plaintiff's individual claims did not moot this case.

The Court also declines to treat this case as moot for prudential reasons.  Under the equitable doctrine of prudential mootness, the Court has the discretion to treat a case as moot if "changes in circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief."  *Ingaseosas Intern. Co. v. Aconcagua Investing Ltd.*, 479 Fed. App'x 955, 962 (11th Cir. 2012) (quoting *Int'l Bhd. of Boilermakers v. Kelly*, 815 F.2d 912, 915 (3d Cir. 1987)).  The Court will not exercise this discretion at this time, as no changes in circumstances have occurred that would deny Plaintiff the possibility of obtaining either the individual or class-wide relief he seeks.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(B)(1), DE [23], is **DENIED**.

**DONE AND ORDERED** in Chambers, Ft. Lauderdale, Florida, this 26th day of February, 2019.

/s/ William P. Dimitrouleas
WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:

All Counsel of Record

6